IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. GLR-21-471 |
| CHRISTOPHER TILLMAN | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS INDICTMENT PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America, by its attorneys, Erek L. Barron, United States Attorney for the District of Maryland, and Sarah Simpkins, Special Assistant United States Attorney for said District, submits this response to the Defendant's Motion to Dismiss the Indictment pursuant to the Speedy Trial Act. For the reasons set forth below, the Speedy Trial Act has not been violated and the Defendant's motion should be denied.

**I.     Procedural Background**

On December 7, 2021, a grand jury sitting in the District of Maryland indicted the Defendant in a three-count indictment with violations of 18 U.S.C. § 922(g) (possession of a firearm by a prohibited person); 18 U.S.C. 924(c) (possession of a firearm in furtherance of a drug trafficking crime); and 21 U.S.C. 841(a) (possession with intent to distribute). ECF 1.

The Defendant had his initial appearance on January 26, 2022, at which time the Defendant consented to temporary detention pending a detention hearing. On February 4, 2022, the Defendant consented to detention.

On March 15, 2022, Assistant Public Defender, Sasha Garcon entered her appearance. ECF

17. The government provided discovery to Ms. Garcon on March 14, 2022. From this date on, Ms. Garcon and the government engaged in back and forth plea negotiations. As such, consent motions to toll speedy trial were filed by the government and granted by this Court on the following dates: March 9, 2022, March 28, 2022, May 31, 2022, July 28, 2022, September 21, 2022, November 28, 2022, January 23, 2023, and April 3, 2023. Around the filing of the last consent motion, the government and defense had come to an oral agreement regarding a plea after many back and forth discussions with defense. An order from this Court accompanied each of these motions stating that the Court found that the "ends of justice are served by tolling of the speedy trial and that taking such action outweighs the best interest of the public and the Defendant" pursuant to 18 U.S.C. 3161(h)(7)(a).

On April 12, 2023, Ms. Garcon filed a sealed motion to withdraw from her representation of the Defendant. ECF 41. That motion to withdraw was granted by this Court on April 14, 2023. ECF 45.

On May 1, 2023, current defense counsel, Mr. Richard Bardos was appointed counsel for the Defendant. ECF 47. Discovery was sent to Mr. Bardos at the time of his entry and again on July 20, 2023 when Mr. Bardos emailed the government claiming he could not locate the discovery on his computer.

On May 4, 2023, the government, defense, and this Court had a teleconference to reschedule the trial date at that time due to the Court's scheduling conflicts. Based on the Court's schedule, the government's schedule, and defense's schedule, the trial is currently set for February 26, 2024. ECF 48.

On June 6, 2023, the government filed a motion to toll speedy trial noting that defense did not consent. ECF 49. That motion was granted by this court, again, with an order finding that the

the "ends of justice are served by tolling of the speedy trial and that taking such action outweighs the best interest of the public and the Defendant" pursuant to 18 U.S.C. 3161(h)(7)(a). ECF 50.

On July 7, 2023, defense counsel filed a Motion to Dismiss containing absolutely no case law claiming violations of the Speedy Trial Act because his client did not personally consent to the motions filed by his previous attorney, Ms. Sasha Garcon. ECF 51.

## II.   Argument

Defendant first argues that there is a violation of the Speedy Trial Act ("STA"). As detailed below, he is wrong, and his motion should be denied.

Pursuant to the STA, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Section 3161(h) sets forth specific periods of time that "shall be excluded . . . in computing the time within which the trial of any . . . offense must commence." 18 U.S.C. § 3161(h).

One well-recognized ground for exclusion is any period of time the parties spend discussing a possible resolution or plea agreement. *United States v. Keita*, 742 F.3d 184, 188 (4th Cir. 2014) (citing *United States v. Leftenant*, 341 F.3d 338, 342 (4th Cir. 2003)). An exclusion of time for engagement in plea negotiations falls under 18 U.S.C. § 3161(h)(1), *see Keita*, 742 F.3d at 188, and hence there is no need for a specific "ends of justice" finding under § 3161(h)(7). *United States v. Bourne*, 743 F.2d 1026, 1031 (4th Cir. 1984) (no special findings necessary when time is automatically excludable); *accord United States v. Saeku*, 436 F. App'x 154, 160 (4th Cir. 2011). Even though the orders in this case do include an "ends of justice" finding, it was unnecessary because the orders state that the parties' delay was to "discuss the possibility of a resolution" and that the parties were "attempting in good faith to reach a resolution."

Therefore, because the time is automatically excludable under 18 U.S.C. § 3161(h)(1), no "ends of justice" finding was required and the bar on the type of *nunc pro tunc* "ends of justice" finding described in *United States v. Carey*, 746 F.2d 228 (4th 1984), is not implicated here. Regardless, there was no Speedy Trial Act violation in this case.

The consent, or even the consultation, of the Defendant personally, **is not required** in order to toll time under the STA. The Speedy Trial Act explicitly allows for continuances "at the request of the defendant *or his counsel*." 18 U.S.C.S. § 3161(h)(7) (emphasis added). Accordingly, "in the ordinary course and within the confines of the STA exclusion provisions, defense counsel has the power to seek an STA continuance *without first informing his client or obtaining his client's personal consent.*" *United States v. Gates*, 709 F.3d 58, 66 (1st Cir. 2013) (following, e.g., *United States v. Bryant*, 134 F.3d 364 (4th Cir. 1998) (unpublished table disposition) [published in full-text format at 1998 U.S. App. LEXIS 1408], 1998 WL 39393, at *3 (4th Cir. 1998)) (emphasis added); *see also, e.g., New York v. Hill*, 528 U.S. 110, 115 (2000) (noting, in the context of a waiver under the Interstate Agreement on Detainers, that "[s]cheduling matters are plainly among those for which agreement by counsel generally controls," that "'the lawyer has—and must have—full authority to manage'" matters including the conduct of a trial, and that "[a]bsent a demonstration of ineffectiveness, counsel's word on such matters is the last"); *United States v. Gadsden*, No. WDQ-11-0302, 2013 U.S. Dist. LEXIS 100646, at *3-4 n.2 (D. Md. July 17, 2013) (following these cases and rejecting a *pro se* motion to dismiss a case for STA violations, including after "[a]ppointed counsel consented to the motion" to exclude time in the first instance); *United States v. Oxendine*, No. 1:13CR00036-004 (JPJ), 2016 U.S. Dist. LEXIS 109135, at *8-9 (W.D. Va. Aug. 17, 2016) (following *New York v. Hill* in approving defense counsel's requests for additional time). *Cf. Henry v. Va. Dep't of Corr.*, No. 3:17CV03 (HEH), 2018 U.S. Dist. LEXIS

29826, at *19 (E.D. Va. Feb. 23, 2018) (reasoning, following *New York v. Hill*, that "the Supreme Court of the United States held that defendant's counsel could waive defendant's speedy trial rights under the IAD if she agreed to a court date outside of the time deadline. Since [Henry's] counsel agreed to the [] court date, [Henry's] speedy trial rights were waived").

Likewise, Defendant's implied argument regarding supposed ineffective assistance of counsel is unfounded. Indeed, in the context where such questions usually arise, courts very regularly reject defendants' claims of ineffective assistance of counsel based on counsel's having waived the Speedy Trial Clock without the defendant's consent or in a manner the defendant says he did not prefer. *E.g., Stewart v. United States*, No. 5:14-CR-90-FL-1 (LWF), 2017 U.S. Dist. LEXIS 110347, at *4-6 (E.D.N.C. July 17, 2017) (rejecting an ineffectiveness claim with the observation that "[i]t was reasonable for petitioner's trial counsel to have waived speedy trial concerns at [a telephone scheduling conference]" because, in that case, "the government had a pending motion"); *Olaniyi v. United States*, No. 4:13-CR-72-BR, 2016 U.S. Dist. LEXIS 3114, at *22-23 (E.D.N.C. Jan. 11, 2016) (rejecting such a claim and noting that "even if petitioner did not consent to the motions . . ., petitioner suffered no prejudice as a result"); *Derring v. United States*, No. 3:14-cv-14-RJC, 2015 U.S. Dist. LEXIS 100627, at *9 (W.D.N.C. July 31, 2015) (rejecting a claim of ineffectiveness for waiving a defendant's speedy trial rights where "Petitioner's counsel sought one continuance to review discovery and complete additional research and investigation, and this Court ordered another continuance to hear and rule on the motion to suppress"); *Delgado-Salinas v. United States*, No. 1:11cr281 (JCC), 2014 U.S. Dist. LEXIS 8546, at *11-12 (E.D. Va. Jan. 23, 2014) (finding that "[c]ounsel's alleged failure to obtain Petitioner's consent before waiving the speedy trial deadlines is insufficient to sustain a claim of ineffective assistance"); *United States v. Jamison*, Nos. 4:05-cr-00025 (JPJ), 4:08-cv-80030 (JPJ), 2008 U.S. Dist. LEXIS

41544, at *14 n.6 (W.D. Va. May 27, 2008) ("Because counsel's decision to agree to a continuance is a tactical matter, I find that counsel's actions were not unreasonable nor was petitioner prejudiced.") (same) (citing *Epperson v. Angelone*, No. 01-CV-462 (JLK), 2002 WL 32632095, at *6 (W.D. Va. Sept. 20, 2002), aff'd, 53 F. App'x 719 (4th Cir. 2003) (per curiam) (citing *Fitzgerald v. Thompson*, 943 F.2d 463 (4th Cir. 1991) (classifying certain decisions as tactical for purposes of habeas review and finding no prejudice))); *Smith v. United States*, Nos. 5:03-CR-195-FL (LWF), 5:07-CV-83-FL (LWF), 2007 U.S. Dist. LEXIS 78272, at *8 (E.D.N.C. Oct. 17, 2007) (rejecting such a challenge with the observation that "the evidence in the records demonstrates that it was reasonable for petitioner's counsel to agree to a continuance because he recently had obtained discovery and was involved in plea negotiations").

Even if there had actually been a Speedy Trial Violation, it would not warrant dismissal with prejudice in any case. Neither remedy—dismissal with prejudice or without prejudice—is presumptive. *See United States v. Taylor*, 487 U.S. 326, 334-35 (1988). "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice. 18 U.S.C. 3162(a)(1). This case is serious. The Defendant possessed a loaded weapon within a very crowded nightclub in Baltimore City. The Defendant was clearly very intoxicated, either by alcohol or by the controlled substances also recovered. Not to mention, the security footage from this night club very clearly shows the Defendant removing the handgun from his person and pointing it at another individual. A strong argument can be made that the footage shows the Defendant attempting to actually shoot the weapon when the weapon, thankfully, fails to fire. "In determining whether the facts and circumstances warrant dismissal

with prejudice we focus on the culpability of the conduct that led to the delay." *United States v. Cano-Silva*, 402 F.3d 1031, 1036 (10th Cir. 2005). What led to the delay in this case was a desire to attempt to resolve this case via a negotiated agreement with prior defense counsel. Early in this case, it became apparent that there was clear evidence that the Defendant engaged in criminal activity related to firearm possession by a prohibited person as well as related controlled substances offenses. The exclusion of time was eminently appropriate in this case given the goal of reaching a resolution in this case.

Defendant does not argue that his rights under the Sixth Amendment were violated. However, for argument's sake and the reasons below, none of the delay rises to the level of a violation of the Sixth Amendment. Indeed, "[t]o establish a constitutional violation of the right to a speedy trial, a petitioner must establish the following: (1) that the delay was uncommonly long; (2) that the reason for the delay was unreasonable; (3) that the defendant asserted his right to a speedy trial; and (4) that prejudice resulted to the defendant." Smith, 2007 U.S. Dist. LEXIS 78272, at *7 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)); *Gadsden*, 2013 U.S. Dist. LEXIS 100646, at *3 (same). In this analysis, it is not enough simply to request a speedy trial; "[t]he defendant must establish that 'on balance, [the factors] weigh in his favor.'" *Wackman v.. United States*, No. 11-cr-0889 (WDQ), 2011 U.S. Dist. LEXIS 132667, at *11-12 (D. Md. Nov. 16, 2011) (quoting *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995)) (alteration in original).

Given the Court's schedule and the parties' schedule, along with the attempts and desire to resolve this case for the Defendant, the delay was not uncommonly long. Similarly, the reason for the delay was not unreasonable and was clearly desired by prior counsel precisely for the benefit of her client. The delay was not due to an attempt by the Government to gain any kind of tactical advantage. Third, not only is the Defendant just now apparently asserting his desire for a speedy

trial, it was affirmatively waived via the aforementioned consent motions. Fourth, there is simply no prejudice to the Defendant----especially since this delay was consented to by his prior counsel for the purpose of resolving this case in a manner favorable to the Defendant short of trial.

## CONCLUSION

Ultimately, Mr. Bardos fails to cite any case law in his motion to dismiss. He also fails to recognize that the case law does not require his client to specifically consent to a motion to toll speedy trial. The consent can come through his attorney, as it did in this case. Therefore, the Defendant's Motion to Dismiss fails on each argument raised, whether explicit or implied, and should be denied.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _SARAH SIMPKINS (Affiliate)_
Digitally signed by SARAH SIMPKINS (Affiliate)
Date: 2023.07.25 15:46:40 -04'00'

Sarah Simpkins
Special Assistant United States Attorney

36 S. Charles Street, Fourth Floor
Baltimore, MD 21201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system on July 25, 2023, which will send notification of such filing to counsel of record.

By: SARAH SIMPKINS (Affiliate)
*Digitally signed by SARAH SIMPKINS (Affiliate)*
*Date: 2023.07.25 15:47:00 -04'00'*
Sarah Simpkins
Special Assistant United States Attorney